STATE OF WEST VIRGINIA *v.* BOB PHILLIPS

(No. 7039)

Submitted February 9, 1932. Decided February 16, 1932.

*Arthur G. Froe* and *Leon P. Miller,* for plaintiff in error. *Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

HATCHER, PRESIDENT:

Bob Phillips was convicted upon an indictment charging him, Will Miller and Thomas McKinney with stealing $1,500. 00 from Livia Lawlah.

Several errors are alleged, but each one is predicated upon the theory that the evidence for the state shows the money was taken at Gary while Phillips was in Welch, and therefore that Phillips was not constructively present, was at most a mere accessory to the crime, and cannot be convicted as a principal. His counsel make the following statement upon which they found their argument: ''The evidence on behalf of the state shows that Livia Lawlah, prosecuting witness, was the victim of a 'skin game.' The evidence of the state shows that Phillips had a hand in the affair only to the extent at most, of aiding the actual perpetrators in the preparing of papers with which to work the trick; in arranging for transportation to Welch, and in accompanying them to Welch; and that he shared in the ill-gotten proceeds. All of this evidence is vehemently denied by the defendant, but the jury's verdict requires us to assume that all of this is true. Disregarding Phillips' denial, however, the State's evidence discloses that Phillips was not present when the money was taken, but was in Welch, the money having been paid over at Gary, West Virginia, six miles away.''

The record shows that counsel for Phillips are in error in assuming that the money was delivered in Gary. Both Mrs. Lawlah and McKinney testified that she went to Gary for the money in company with Miller, while McKinney waited in Welch, and that upon her return to Welch, she then delivered the money to McKinney. It is true that she

never even saw Phillips; but he was waiting with an automobile in Welch while the scheme to secure her money was being worked and he left Welch with McKinney as soon as he obtained possession of the money.

The place where the money was delivered, however, is of minor importance on this question. In *State* v. *Powers*, 91 W. Va. 737, 746, 113 S. E. 912, Judge Lively demonstrates conclusively that where several persons engage in a common criminal design, and each takes the part assigned to him, each is a principal, whether immediately present when the crime is actually committed.

The judgment is accordingly affirmed.

*Affirmed.*